IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Umar Abdul Clea, | ) | Case No. 4:18-cv-1557-DCC |
|     Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden John Pate, | ) | |
|     Respondent. | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner filed a Motion to Stay and Hold in Abeyance on July 16, 2018. ECF No. 9. Respondent filed a Response in Opposition, and Petitioner filed a Reply. ECF Nos. 10, 17. Respondent filed a Motion for Summary Judgment and Return and Memorandum on July 30, 2018. ECF Nos. 11, 12. Petitioner filed a Response in Opposition to the Motion for Summary Judgment, and Respondent filed a Reply.[1] ECF Nos. 18, 19.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 3, 2018,

---

[1] The Court notes Respondent's argument that Petitioner's objections should not be considered because they are untimely. ECF No. 19. While his objections were filed out of time, in light of Petitioner's pro se status, the Court has considered his objections.

1

the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted, the Petition be dismissed, and the Motion to Stay and Hold in Abeyance be denied. ECF No. 20. Petitioner filed objections to the Report, and Respondent filed a Reply. ECF Nos. 22, 24.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

### *Motion for Summary Judgment*

Petitioner raised two grounds in his Petition—that the solicitor unlawfully impaneled the grand jury and that the search of his car was unconstitutional. The Magistrate Judge determined that summary judgment is appropriate with respect to both claims because they are non-cognizable on federal habeas review. Petitioner seems to assert that the Magistrate Judge erred in relying on an invalid order by the Post-Conviction Relief ("PCR") Court. He further argues that all of his claims were raised to the PCR Court but were not ruled upon.

As an initial matter, Petitioner has provided no support for his argument that the PCR Court's order is invalid and should not be considered by this Court. To the extent

3

he objects to any finding that his claims have been procedurally defaulted, Petitioner miscategorizes the Magistrate Judge's Report. The Magistrate Judge determined that both claims were non-cognizable upon federal habeas review. Upon a de novo review of the record, applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner is not entitled to federal habeas relief as to Ground One because federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Henry v. Warden of McCormick Corr. Inst.*, C/A No. 1:14-cv-4343-BHH-SVH, 2015 WL 7769459, at *8 (D.S.C. Nov. 5, 2015), *report and recommendation adopted*, 2015 WL 7776898 (D.S.C. Dec. 1, 2015) (holding that the manner and process by which a state grand jury is impaneled and indictments procured is a matter of state law (citing S.C. Code Ann. § 17-19-10 et seq.)); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or Indictment by a grand jury.").

To the extent Petitioner raises a free-standing Fourth Amendment claim in Ground Two, this claim is also non-cognizable. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at this trial." 428 U.S. at 494. Petitioner has provided no support

for any argument that he did not have a full and fair chance to litigate the issue presented in Ground Two.  *See Muldrow v. Warden of Manning Corr. Inst.*, 2008 WL 533803 (D.S.C. 2008) (holding that although the petitioner opted to plead guilty, he was nonetheless "given a full and fair chance to litigate the present issue in state court and federal habeas review is not available").

Accordingly, Petitioner's objections to the Magistrate Judge's recommendation with respect to the Motion for Summary Judgment are overruled.

## *Motion to Stay and Hold in Abeyance*

Petitioner objects to the Magistrate Judge's recommendation that the Motion to Stay and Hold in Abeyance be denied.  He contends that he is requesting the stay to allow him to exhaust the grounds brought in his initial PCR application.  He argues that he has clearly outlined the necessary criteria for granting the Motion and the Magistrate Judge has completely disregarded applicable Supreme Court precedent in recommending denial of his Motion.

The Court has thoroughly reviewed the Motion, applicable law, and Report of Magistrate Judge.  As noted by the Magistrate Judge, Petitioner states in his Reply that "[t]he respondents are incorrect in their assertion that the petitioner wants additional exhaustion of the state court remedies nor does the petitioner seek a new order from the PCR court."  ECF No. 17 at 2.  Accordingly, it appears that Petitioner is not seeking to exhaust additional grounds.  Petitioner appears to assert that the PCR court's order failed

to comply with S.C. Code Ann. §§ 17-27-80 and 17-27-100; however, whether that order complied with a state statute is irrelevant to the resolution of this case. As explained by the Magistrate Judge and in this Order, Petitioner's claims fail because they are non-cognizable on federal habeas review, not because they were procedurally defaulted or as a result of some error with the PCR court's order. In his objections, Petitioner fails to identify another reason to stay this case. Accordingly, Petitioner's objections are overruled with respect to this Motion.

## **CONCLUSION**

The Court adopts the Magistrate Judge's Report and Recommendation [20]. Accordingly, Respondent's Motion for Summary Judgment [12] is **GRANTED** and Petitioner's Motion to Stay and Hold in Abeyance [9] is **DENIED**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

      **IT IS SO ORDERED**.

                                                       s/ Donald C. Coggins, Jr.
                                                       United States District Judge

March 6, 2019
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.